## CHARLESTON.

MAYMIL H. ADDISON *v.* COMMERCIAL CASUALTY INSURANCE COMPANY

(No. 5290)

Submitted September 22, 1925. Decided September 29, 1925.

INSURANCE—*Application for Accident and Health Insurance in Foreign Company Must be Attached to Policy in Order to Become Part of Contract.*

Point 1 in the syllabus of the case of *Bowyer* v. *Casualty Company,* 72 W. Va. 333 applied.
(Accident Insurance, 1 C. J. § 47).

NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Error to Circuit Court, Harrison County.

Action by Maymil H. Addison against the Commercial Casualty Insurance Company. Judgment for defendant, and plaintiff brings error.

*Judgment reversed; verdict set aside; new trial awarded.*

*Carter & Sheets,* for plaintiff in error.
*Coffman & Morris,* for defendant in error.

HATCHER, JUDGE:

In 1921, W. G. Addison was in the employment of Auto Sales Company of Clarksburg, as a repairer of automobiles, and earned his living by his services for the company.

Upon an application for an accident insurance policy to the defendant, Commercial Casualty Insurance Company of New Jersey, Addison stated that he was a repairer of automobiles, and that he had in contemplation no hazardous undertaking. A policy was issued Addison by defendant in April, 1921, wherein the application was made a part of the insurance contract, and which contained a clause stating that the insurance thereunder should not cover any disability, fatal or non-fatal, sustained by the insured which should result directly or indirectly from "unnecessary exposure to obvious danger." The policy recited that it contained the entire contract of insurance, except as it might be modified by the company's classification of risks in the event that the insured was injured after having changed his occupation to one classified as more hazardous, or while doing any act pertaining to any occupation so classified. The classification manual was not attached to, or made part of the policy.

Addison was killed July 23rd, 1921, in an automobile wreck, while participating in a public race for stakes on the racetrack of the Clarksburg Fair Grounds. He was serving at the time as mechanician on one of the racing cars which he himself had built for the race.

Upon an action to recover the insurance brought by plaintiff, as sole beneficiary under the policy, judgment was rendered by the Circuit Court of Harrison County for defendant, and plaintiff now prosecutes error here.

The defendant filed a special plea, alleging that the true meaning of the policy is that defendant was bound thereby only while Addison remained an automobile repairer; that at the time of his death, Addison had entered upon a different vocation with duties so dangerous as to be classified by defendant as uninsurable, and that defendant did not undertake to indemnify against his death while in the more hazardous occupation.

During the trial, a witness for the defendant, over objection of plaintiff, was permitted to read from a classification manual issued by the defendant that a mechanician, while racing or in speed tests, was not insurable. The manual was then introduced in evidence, so far as it related to what had

been read. The court gave an instruction based on the classification of risks as made by the manual, which is as follows:

"The Court instructs the jury that the jury must not consider any of the provisions of the defendant's classification of risks and premium rates as testified to by the witness Bryant unless you believe from the evidence that at the time of the accident which caused the death of the insured, Walter G. Addison, he was not engaged in the vocation or calling under which he was insured; but if the jury believe from a preponderance of the evidence that at the time of said accident the insured was so engaged in a different vocation or calling from that under which he was insured the jury should consider the provisions of the company's classification of risks and premiums as testified to by witness Bryant, for the purpose of determining whether at the time of his death the insured was engaged in a vocation classified by the company as a more hazardous risk than that under which he was insured, or whether such risk was classified by the company as non-insurable, and that in either of which contingencies the jury should find for the defendant."

The plaintiff charges error to the special plea, to the introduction of the manual in evidence, and to the instruction of the court, on the ground that they set up matters not included in the insurance policy. Plaintiff relies on section 62, chapter 34 of the Code, and the construction placed thereon by *Bowyer* v. *Continental Casualty Co.*, 72 W. Va. 333, wherein we held as follows:

"To make the application for a policy of insurance in an accident and health insurance company, organized under the laws of a state other than this and doing business here, containing warranties, part of the contract of insurance, it must be attached to the policy. Mere reference to it in the policy and adoption thereof in terms do not suffice."

Reference to the classification manual would, under the common law rules, have made it a part of the policy, but as

pointed out by this court in *Bowyer* v. *Casualty Company,* *supra,* the statute has changed that rule so far as it relates to accident policies issued by corporations organized under the laws of another state, as was the defendant company. Mere reference to some other paper and its adoption by the policy, no longer makes such paper a part of the policy. The purpose of the statute, as explained in the Bowyer case, is to require every condition covenant and agreement of the insurance contract to be expressed in the policy or papers attached, so that the insured at all times may have at hand exact information of his obligations and restrictions. The right of the insured may not be subjected to a classification manual of which he has vague, if any, information or memory. If the classification manual was no part of the policy, then it had no place in the evidence. It was not competent for any purpose. Whether the race was obviously dangerous depended on the skill and carefulness of the drivers, the construction of the automobiles, the rate of speed, the distance to be run, the condition of the track, and perhaps other factors entering into the race, and not on an *ex parte* classification prepared by the defendant. The defendant's manual must be rated merely as a self-serving declaration or statement, of which Jones says:

> "It would be obviously unsafe if parties to litigation were without restriction, allowed to support their claims by proving their own statements made out of court. Such a practice would be open, not only to all the objections which exist against the admission of hearsay in general, but would also open the door to fraud and the fabrication of testimony."
>
> Jones on Evidence, Civil Cases, par. 235.
> *Jefferson* v. *Simpson,* 83 W. Va. 274.

The admission of the manual in evidence, as well as the instruction based thereon, was therefore error.

For the reasons given, the judgment of the lower court will be reversed, the verdict of the jury set aside and a new trial awarded.

*Judgment reversed; verdict set aside; new trial awarded.*