# CHARLESTON.

## JEFFERSON v. SIMPSON.

Submitted January 21, 1919.   Decided January 28, 1919.

1. WILLS—*Contract to Make Will—Breach—Remedy.*
   Assumpsit is a proper remedy for a breach of contract to make a will.   (p. 276).

2. SPECIFIC PERFORMANCE—*Wills—Contract to Make Will—Construction.*
   A contract to make a will is controlled by the same rules and principles and enforceable as other contracts.   (p. 276).

3. WILLS—*Contract to Make Will—Consideration.*
   An agreement made singly or in connection with another to sacrifice an old home, to sell and dispose of one's property, and to remove to the home provided by the other party to the contract in order to furnish him companionship during the remainder of his natural life constitutes a sufficient consideration for his promise to make a will bequeathing to the promisee a sum certain out of his estate.   (p. 276).

4. SAME—*Contract to Make Will—Certainty—Action for Damages.*
   Such a contract is sufficiently definite and certain in its terms to be enforceable in a suit by the promisee against the executor of the promisor for damages for the breach thereof by the promisor.   (p. 277).

5. SAME—*Contract to Make Will—Sufficiency of Evidence.*
   A case in which the evidence is held sufficient to support a parol agreement to make a will.   (p. 277).

6. EVIDENCE—*Declarations Against Interest—Admissibility.*
   Declarations of the promisor subsequent to the making of a contract to make a will, being against interest, are admissible in evidence, not as sufficient in themselves to prove the fact, but as corroborative of the evidence of witnesses to the contract.   (p. 278).

7. SAME—*Self-Serving Declarations—Admissibility.*
   But evidence of contrary declarations made to other witnesses, being self serving and not in the presence of the other party to the contract, are inadmissible.   (p. 278).

8. WILLS—*Contract to Make Will—Breach—Damages.*
   The measure of damages in a suit for breach of a valid contract to make a will is the sum stipulated in the contract or the value of the property contracted for.   (p. 278).

Error to Circuit Court, Marshall County.

Action by Martha Jefferson against J. C. Simpson, executor, etc. Demurrer to declaration overruled, judgment for plaintiff, and defendant brings error.

*Affirmed.*

*J. C. Simpson* and *Martin Brown,* for plaintiff in error.
*J. Howard Holt,* for defendant in error.

MILLER, PRESIDENT:

Numerous points of error are relied on by defendant to reverse the judgment below against him for $3,980.00. The first is that his demurrer to the declaration and to each count thereof should have been sustained. There are six counts. The fourth and fifth are nothing more than the common counts in assumpsit, and as to which no defects are specifically pointed out, and we perceive none. But the remaining counts it is urged are bad in point of pleading, (1) because of want of averment of a sufficient consideration for the alleged promises on the part of the decedent Samuel Francis; (2) that the several statements of the contract pleaded are too indefinite, uncertain and inadequate to be enforceable, even in a court of equity.

The contract of decedent substantially alleged in each of the four counts under review is that in consideration that the plaintiff with her husband W. H. Jefferson, farmers residing on their farm in Marshall County, would sell and dispose of their horses, cattle, hogs and farming implements, quit farming and move to the city of Moundsville and there reside with him at his home and provide him companionship for and during the remainder of his natural life, according to the first count, he would give plaintiff the sum of $4,000.00 to $6,000.00, payable out of his personal estate at the time of his death, and that he would provide therefor in his last will and testament. The second count with slight variation as to consideration, is the same as the first. The third predicated on the same consideration alleges the promise of decedent to pay plaintiff all expenses, costs and losses incurred by her and her husband in so disposing of their stock of

horses, cattle, hogs, farming implements etc., and all money expenses incurred in carrying out their contract, and which losses are specifically alleged, and also the loss which the said W. H. Jefferson would sustain by lack of employment, stated at $2,000.00, and aggregating more than the sum recovered. The sixth and last count also based on the same consideration avers more specifically a promise on the part of the decedent that he would give and bequeath to the plaintiff out of his estate the sum of from $4,000.00 to $6,000.00, payable to her out of his estate at his death

counts avers full performance by plaintiff and her husband of the said contract on their part, and the breaches thereof by the decedent as avered in each count, and lay her damages at the sum of $6,000.00.

That one may maintain assumpsit on a contract to make a will when founded on a good and valid consideration, is not controverted. The authorities so hold. 40 Cyc. 1070; *Hotsinpiller* v. *Hotsinpiller*, 72 W. Va. 823, 825, and cases there cited.

*Was the contract here pleaded based on a good and sufficient consideration? We think it was. The contract as alleged involved sacrifice by plaintiff of her previous home on the farm, of property thereon, changes of friends and neighbors, and her husband of profitable employment, and to that extend at least of means of support, and gave to the other party therein companionship during his natural life, however long that might be lengthened out in time. There can be no doubt of the sufficiency of the consideration, especially when viewed in the light of the relationship and situation of the parties disclosed by the evidence.

Contracts to make wills are controlled by the same rules and principles and are enforceable as other contracts. *Davidson* v. *Davidson*, 72 W. Va. 747, 750, and cases cited. A gain to the promisor is as adequate a consideration to support a contract as the loss of the promisee. *Jackson* v. *Hough*, 38 W. Va. 236, 240; *Rowan* v. *Hull*, 55 W. Va. 335, 340.

The incurrence of some risk and trouble at the instance of the promisor singly or in connection with another at the

instance of the promisor constitutes a valuable considera-
tion. *County Court* v. *Hall,* 51 W. Va. 269. And it has
been decided by the highest authority that an agreement for
companionship constitutes a sufficient consideration for a
promise to make a will. *Howe* v. *Watson,* 179 Mass. 30;
*Burdine* v. *Burdine's Ex'or.,* 98 Va. 515; *Schutt* v. *Mis-
sionary Soc.,* 41 N. J. Eq. 115.

Is the contract alleged sufficiently definite and certain in
its terms to be enforceable? There can be no doubt, we
think, on this proposition. As the promise of the plaintiff
is definite and certain, the only thing that can be regarded
as uncertain is the amount of money promised by the de-
cedent, $4,000.00 to $6,000.00. But the least sum promised
was $4,000.00. This was the sum less the value of the prop-
erty given by the will which plaintiff recovered. Agree-
ments to give by bequest all the property of the testator have
been held sufficiently definite. *Burdine* v. *Burdine's Ex'or.,
Howe* v. *Watson.* and *Schutt* v. *Missionary Soc., supra.* The
contract to pay $4,000.00 to $6,000.00 is certainly a promise
to pay at least a sum of $4,000.00.

The other ground urged for reversal is that the contract
alleged is not proven. In this we think counsel is in error.
Plaintiff proved by her daughter, present at the time, pre-
vious conversations relating to the contract, and that the
contract finally agreed upon between her mother and Sam-
uel Francis was substantially in all respects as alleged, and
that the contract was in all respects fully performed on the
part of the plaintiff. Moreover, numerous witnesses swear
positively that Francis declared to them after the time of
the making of the contract the substance of the agreement
as alleged and that he had made provision for his sister in
his will as agreed. And one witness, a notary public, testi-
fied that he had prepared at least two wills for Francis in
which provisions were made for Mrs. Jefferson, giving her
practically if not quite all of his property, which then con-
sisted mainly of personal estate. The evidence considered
in the light of all the acts and conduct of the parties sub-
sequently to the time of the making of the contract estab-
lish the fact of the contract beyond question of doubt.

But it is urged that the evidence of decedent's declarations and of the making of the wills subsequent to the date of the contract, was improperly admitted over defendant's objection. The proposition is not sustained by the authorities. None are cited which support it. The fact of the making of the subsequent wills providing for plaintiff, while not of itself sufficient to establish the contract, is nevertheless corroborative in character and admissible on that score. *Burgess* v. *Burgess,* 109 Pa. St. 312, 317. And the alleged declarations of Francis subsequent to the making of the contract, he being dead and they being against his interest, were admissible, we think, as tending to establish the fact of the contract. *Bartlett* v. *Patton,* 33 W. Va. 71, syl. 8; *High's Heirs* v. *Pancake,* 42 W. Va. 602; 1 R. C. L. 502; *Daggett* v. *Simonds,* 173 Mass. 340, 46 L. R. A. 332.

Another contention in connection with the last proposition and as calling for reversal is that the court improperly excluded the testimony of witnesses for defendant of other declarations of the deceased testator as to contrary declarations made by him. The rulings of the court thereon, both to the exceptions to the introduction thereof and for a new trial based on their exclusion, were fully justified under the rule that all such declarations were made in the absence of the other party to the contract, were self serving, and properly excluded on both grounds. *Crothers* v. *Crothers,* 40 W. Va. 169; 4 Enc. Dig. Va. & W. Va. Rep. 344.

The next point we will consider is the conflicting theories presented by the rulings of the court on instructions given and refused, and the motion of defendant for a new trial overruled, as to the true measure of damages in cases of this character. The court in substance told the jury by the only instruction proposed by plaintiff that if they found the contract proved as alleged, they should find for the plaintiff on account of the promises of defendant's testator not less than four thousand dollars, but to subtract therefrom the value of the bed and bedding left to plaintiff by the will of said testator. This instruction amounted to telling the jury that the true measure of damages in the case was the amount stipulated in the contract. There can be no doubt

in the world, we think, that in the absence of fraud, mistake, duress, or some other fact, where the parties are competent to make the contract, the amount stipulated or the value of the thing contracted for constitutes the true measure of damages for the breach thereof. 3 Sutherland on Damages, (4th ed.), sec. 706; 3 Elliott on Contracts, sec. 2220; 8 Amer. & Eng. Enc. Law, 633-4; 13 Cyc. 168; *Mullen* v. *Cook,* 69 W. Va. 456. The amount stipulated in such cases will be regarded as the estimate of the parties of the value of the services rendered or to be rendered. In contracts for companionship, the loss to the other party in the performance thereof is often incapable of being measured in dollars and cents. In such cases the estimate of the parties and the sum stipulated is the only true measure of recovery. This is not the case supposed by defendant's counsel where no price has been stipulated or the contract is incapable for some reason of enforcement and where the rule is as contended by him, that the value of the services rendered is to be determined on a quantum meruit.

Respecting the defendant's instructions. Number 12, given, we think, sufficiently and fairly presented to the jury the theory of the defendant applicable to the facts in the case. It put the burden of proof of the contract on plaintiff and told the jury that in such cases the contract alleged must be sustained by evidence, clear, positive and convincing. It also presented the theory of the defendant that the contract alleged had been fully performed by the decedent in his life time by the conveyance of a house and lot in the city of Moundsville to a daughter of the plaintiff. We have examined carefully all the defendant's other instructions refused by the trial court, and on familiar principles find no reversible error in the rulings of the court thereon.

For the reasons given we are of opinion that the judgment should be affirmed.

*Affirmed.*