MARION G. GARDNER *v.* DANIEL W. GARDNER *et al.* '

(No. 7353)

Submitted September 27, 1932.   Decided October ·4, 1932.

*William MacDonald,* for appellant.
*Chas. N. Finnell,* for Marion G. Gardner.

LIVELY, JUDGE:

Plaintiff, an heir at law of Sarah A. Gardner, deceased, sued her administrator and the other heirs at law for the

purpose of settling her estate and dividing the proceeds thereof, after payment of debts, among the heirs at law.

Appellant, Maude B. Gardner, one of the heirs, answered and set up a claim of $780.00 for services rendered her deceased mother during her lifetime. The cause was referred to a commissioner in chancery for the purpose of ascertaining the debts against the estate, among other things, and evidence of the controverted claim of appellant was taken before him. The commissioner denied her compensation, holding that there was no express contract between the mother and daughter for the services claimed to have been rendered by the latter to the former at the time such services were performed; and that the facts and circumstances failed to show that there was a clear understanding between them whereby the mother agreed to pay and the daughter expected to receive compensation for her alleged services. Maude excepted to the report and the decree overrules her exception and confirms the report in every respect. From this decree, disallowing her claim against the estate, she appeals.

Appellant, now a little over thirty-four years of age and unmarried, resided with her father and mother in their home all her life (except about six months) as a member of the household. The other children married and left the parental home. She did much of the household work and about the farm, and as the parents became aged and infirm she naturally did more. She had a boy about eleven years old which she is now rearing in the parent's home (the title to which the court decreed to be in the deceased mother, who had about the year 1908 deeded it direct to the father). Her claim for services covers a period of five years prior to her mother's death, at the rate of $3.00 per week. At times in this period and before that period, the mother was attended by a physician, and she was incapacitated for work, and the burden of household duties devolved solely at such times upon the daughter. The father became aged, around four-score years, and she helped him in his work about the farm such as feeding and milking and the like. For a period of from three to six months prior to her death, the mother was ill and unable to work.

No express contract for these services between the mother and daughter is shown or attempted to be shown, except by the evidence of the daughter, which is inadmissible under the statute. The daughter produced a witness, Mrs. Ferrebee, a neighbor, who testified that the mother, while in her last illness about three months prior to her death, stated to her, the daughter and the father that she (the mother) wanted the daughter to be paid, and that the father was to see that she was paid. This witness in answer to a question as to what she had heard the mother say about wanting the daughter paid for nursing and taking care of her, answered: ''She wanted at her death if she had anything, she wanted Maude to have it. She told her father that she wanted him to see that she did''; and ''told her father he was to see she was paid.'' The father corroborates Mrs. Ferrebee and says that he heard the mother say on her deathbed in the presence of Mrs. Ferrebee that she wanted Maude to be paid. At that time, it must be remembered, the mother had no property, for in 1908 she had deeded her property direct to her husband, which deed the court in this case decreed to be invalid.

It is well settled that the presumption is, that where services are rendered to parents in sickness and declining years and in their home by one of their children and a member of their household, such services are gratuitous. The general rule is that services rendered by one in close relationship to the person to whom such services are furnished, are presumed to be gratuitous. That presumption may be rebutted by evidence and circumstances showing an implied contract (in the absence of an express contract) that the services would be paid for; that is, the facts and circumstances must show that there was an intention to pay and an expectation to receive, at the time such services were rendered. *Keys Admr.* v. *Keys et al.*, 93 W. Va. 33, 116 S. E. 681, where the holdings and principles pronounced in this jurisdiction in such cases are discussed. See also *Ogdin* v. *Bank*, 103 W. Va. 665, 138 S. E. 376. Here, the evidence and circumstances do not warrant a finding that there was an implied contract at the time the services were performed. No doubt the mother wanted the daughter compensated because she had comforted and ad-

ministered to her in her sickness and declining years. On the other hand, it was the duty of the daughter to do so. They had lived in the home together all their lives, and the mother had administered to the daughter from birth through childhood to womanhood. Hence the rule of law that such services as are here sued for are presumed to be gratuitous; the fulfillment of a natural and moral obligation, and it takes rather cogent and clear evidence, and forceful circumstances to warrant the finding of an implied contract of payment. Besides, the commissioner and court have so found, and we cannot say that they were clearly in error.

We affirm the decree. *Affirmed.*