JAMES H. SHIPPER *v.* WM. W. DOWNEY, *Trustee, et al.*

(No. 8299)

Submitted January 14, 1936. Decided February 11, 1936.

*J. O. Henson* and *M. M. Neely,* for appellant.
*A. H. Shipper,* for appellee.

LITZ, JUDGE:

Defendant, Wm. W. Downey, appeals from a decretal judgment of $420.60 rendered by the circuit court of Berkeley County against him in favor of plaintiff, James H. Shipper.

W. A. Kearns and wife conveyed to Downey, as trustee, certain real estate in Berkeley County to secure the Bank of Martinsburg in the payment of $4100.00. The obligation not having been discharged, Downey sold the property, pursuant to the trust, January 30, 1926, for $4900.00, payable as follows: one-third cash; balance in two equal installments, evidenced by the notes of the purchaser, John M. Miller, due in one and two years, respectively. On or about February 5, 1926, Downey, after applying the cash payment (presumably) to the costs of sale and the trust obligation, indorsed and delivered the notes to the bank; whereupon, it undertook to discount them by deducting $305.65 from their face value. On February 13, 1926, W. A. Kearns, at plaintiff's instance, assigned, by writing, to Merchants & Farmers Bank of Martinsburg, the proceeds of the sale after payment of the costs and the debt of the Bank of Martinsburg, to secure the payment of a $400.00 note held by the Merchants & Farmers Bank, which had been executed by Kearns and indorsed by Shipper as an accommodator. Within a few days after its execution, a carbon copy of the assignment was delivered to Downey, who, at the

time, according to the testimony of witnesses for plaintiff, stated that the proceeds of the sale belonging to Kearns, would, in his opinion, be sufficient to satisfy the $400.00 note which Shipper, some months later, was forced to pay. After the Bank of Martinsburg had collected the Miller notes, it returned to Kearns from the proceeds thereof substantially the amount of the previous discount. January 28, 1928, Downey paid to H. H. Byrer, attorney for Shipper, $153.64 as the amount subject to the assignment. Downey did not report the sale to the clerk of the county court within six months as required by section 3, chapter 57, Code 1923. The statute provides that the trustee shall, for such failure of duty, forfeit his commission on the sale.

Plaintiff being subrogated to the rights of the Merchants & Farmers Bank under the assignment, seeks to recover (to the extent of his claim against Kearns), the difference between the sale price of the property and the trust obligation (less trustee commissions). This position was sustained by the trial court.

The theory of the defense is that the bank discounted the notes with the consent of Kearns, and that the assignment, therefore, covered only the difference between the proceeds of the discount and the remaining trust obligation. This hypothesis is not sustained by the proof. Downey testified that he indorsed and deposited the notes with the Bank of Martinsburg upon being advised by the bank that it had arranged to discount them. The cashier of the bank says that the notes were discounted at the instance of the trustee. Kearns did not testify.

Whether Kearns consented to the discounting of the notes by the bank or not, we are of opinion that the plaintiff is not entitled to take advantage of the failure of the trustee to report the sale in compliance with the statute, as the assignment should be construed as covering only the amount which the trustee held at the time of its execution belonging to Kearns, excluding the commissions to which the trustee was then entitled.

The issue of whether or not the notes were discounted

by the Bank of Martinsburg with the consent or approval of Kearns does not seem to have been fully developed. Kearns himself would be an important witness on this matter. In view of the hardship of requiring the trustee to account for the face value of the notes, we are of opinion to remand the case on this issue for further proof. When the record of a chancery cause discloses lack of development of the merits of vital issues in the cause and there is strong probability of existence of evidence decisive thereof, the cause should be remanded for further development. *William C. Atwater & Company, Inc., v. Fall River Pocahontas Collieries Company et al.,* 115 W. Va. 745, 178 S. E. 73.

The decree of the circuit court is, therefore, reversed and the case remanded for further proceedings.

*Reversed and remanded.*