HARRY SHAW *v.* ANDREW M. BERRY *et al.*

(No. 8419)

Submitted October 20, 1936. Decided December 15, 1936.

*Ward Lanham* and *H. H. Rose,* for appellant.
*E. R. Bell,* for appellee Harry Shaw.

LITZ, JUDGE:

This proceeding involves the validity of a trust deed, conveying land of a married woman, under a charge in the bill that the certificate of acknowledgment thereto falsely states that she acknowledged the instrument.

The suit was brought June 18, 1929, by Harry Shaw against Andrew M. Berry and Ella O. Berry, his wife, Monongahela Bank of Fairmont, W. R. Tabler as special receiver of said bank, and Frank R. Amos, trustee. Shaw and Andrew M. Berry are brothers-in-law. The bill alleges, substantially, that defendants, Andrew M. Berry and Ella O. Berry, signed a deed of trust, dated June 27, 1928, and purporting to convey three several parcels of real estate, owned by the female grantor, to defendant, Frank R. Amos, trustee, to secure the payment of a note for $10,000.00, signed by the Berrys, and payable to the order of the defendant bank, and a note for 13,780.00, signed by the Berrys, R. A. Courtney and Barbara B. Courtney, his wife, and payable to the bank; that on March 30, 1929, the plaintiff obtained a judgment against defendants, Andrew M. Berry and Ella O. Berry for $16,-605.99; that on the 6th day of May, 1929, plaintiff caused to be issued upon said judgment an execution, which was returned by the sheriff of Marion County May 8, 1929, unsatisfied. The bill also charges that neither Andrew M. Berry nor Ella O. Berry was, at the time of signing the notes or trust deed, indebted to the bank, and that neither

acknowledged the conveyance, although it purports to have been acknowledged by both before Carl D. Springer, a notary public of Marion County, June 30, 1928, and recorded in the office of the clerk of the county court of said county July 5th, following; and that the deed is therefore null and void.

The bill prays for a reference of the cause to a commissioner in chancery for the purpose of ascertaining and reporting the liens, in order of priority, upon the lands of defendants, Andrew M. and Ella O. Berry; and for a sale of the property in satisfaction of the liens thereon. The bill having been taken for confessed, the cause was, by order entered therein January 24, 1930, referred to William P. Lehman, a commissioner in chancery, with directions to take, state and report an account showing (1) the real estate owned by Andrew M. and Ella O. Berry; (2) the liens thereon; (3) whether said real estate will in five years rent for sufficient sum to pay off and discharge the liens and costs of the suit; and (4) all such other matters as in the opinion of the commissioner may be pertinent.

The evidence in behalf of plaintiff having been completed, without any proof being offered by the receiver, on July 5, 1930, the commissioner continued the proceedings indefinitely. No further action was taken by him until August 23, 1935, when (according to recitals in his report) he sent written notice by mail to the parties and counsel of record that he would close the hearings upon the reference September 30, 1935, and submit his report at the November term of the court following. No further evidence being presented, on December 17, 1935, the commissioner completed his report and mailed written notice thereof to the parties and attorneys of record. In his report, filed December 30, 1935, the commissioner reported the judgment of plaintiff as the first lien (after payment of taxes) on the real estate belonging to the judgment debtors, denied the claim of the bank and ruled that the deed was void on the ground that it had not been acknowledged. On January 4, 1936, the plaintiff gave written notice to defendants that he would, on

January 13, 1936, move the court to confirm the report of the commissioner and enter final decree in the cause. This notice was served upon Ward Lanham, as attorney for W. R. Tabler, receiver. January 13, 1936, upon counsel for plaintiff moving to confirm the report of the commissioner and enter a final decree, Ward Lanham and H. H. Rose, as counsel for W. R. Tabler, receiver, filed a demurrer to the bill. On February 12, 1936, the court overruled the demurrer; whereupon W. R. Tabler, receiver, by counsel, tendered and filed an answer, and C. E. Lawhead, successor to W. R. Tabler, receiver, also tendered and filed his petition and answer to the bill of complaint; and upon motion of Lawhead, as receiver, he was substituted as a defendant in the place and stead of W. R. Tabler, receiver. Thereupon, C. E. Lawhead, receiver, by counsel, moved the court to recommit the cause to the commissioner in chancery for further proof in support of the claim of the bank under the deed of trust, which motion was overruled. He then moved for permission to prove the claim at the bar of the court by production of the orginal notes and the affidavit of one M. A. Fletcher. The court refused to accept proof of the claim, except as a common debt to participate in any surplus that might remain after the payment of lien debts reported by the commissioner. Lawhead also tendered and filed exceptions in writing to the report of the commissioner, which were overruled. Thereupon, the report of the commissioner was confirmed and the lands of Andrew M. and Ella O. Berry were directed to be sold in satisfaction of the liens according to the report of the commissioner.

In support of the motion to recommit the cause, Lawhead, receiver, filed the affidavits of Ward Lanham and of himself. The affidavit of Lanham states that he represented W. R. Tabler, receiver, and C. E. Lawhead, his successor, in the suit until January 14, 1934, when he was discharged by the commissioner of banking and Frank C. Haymond was appointed in his stead; that he was not again employed in the suit by Lawhead until the report of the commissioner had been filed; that plain-

tiff and his counsel knew of affiant's discharge as counsel for the receiver "immediately" thereafter; and that at the time plaintiff concluded the taking of his evidence, it was agreed between affiant and counsel for plaintiff that the receiver "should lodge his answer before the commissioner and take such evidence as he might wish at some future day, and that nothing would be done toward closing the case before the commissioner until such answer should be lodged with him and said evidence taken." Lawhead, in his affidavit, states that defendant, W. R. Tabler, was appointed receiver of the bank by the commisisoner of banking March 21, 1929, and served as such receiver until May 26, 1930, when he resigned and affiant was appointed in his stead; that he was not informed until "late in 1935" that Frank C. Haymond had declined to accept employment by the receiver in the cause, and that his failure to file an answer and prove the lien of the bank under the deed of trust was due to inadvertence "growing out of the confusion and misunderstanding that existed because of the shifting of counsel designated by the commissioner of banking to represent" the interests of the bank and the receiver. Victor H. Shaw, counsel for plaintiff, denies by affidavit the alleged agreement between Lanham and himself recited in the affidavit of Lanham.

The appellant relies for reversal mainly on the contentions: (1) that the court should have decided, upon the exceptions to the commissioner's report, that the deed had been properly acknowledged; and (2) that if the ruling of the court in confirming the report of the commissioner is correct, the cause should be remanded for further development. Barbara Courtney is the daughter of Andrew M. and Ella O. Berry, and the notes secured by the deed of trust are the obligations of R. A. Courtney.

According to the testimony for the plaintiff, the deed of trust was delivered to Ralph Courtney by an agent of the bank to be signed by the grantors; Courtney turned the paper over to his wife, who presented it to her father and mother for their signatures; after they

had signed the instrument, Mrs. Courtney returned it to her husband who re-delivered it unacknowledged to the agent of the bank. Mrs. Courtney states that the paper was not acknowledged by either grantor at the time of signing or at any other time to her knowledge. Each of the Berrys deny acknowledging it at any time. The bank offered no proof to support the certificate, although the notary by whom it purports to have been executed is, in so far as the record discloses, obtainable as a witness. He may testify in support of, but cannot attack the recitals of, his certificate.

Because of the apparent misunderstanding between counsel for the plaintiff and the receiver, the confusion due to the change of attorneys by the receiver and the fact that the notary who made the certificate is presumably obtainable as a witness, we are of opinion to reverse the decree and remand the cause for further development. "When the record of a chancery cause discloses lack of development of the merits of vital issues in the cause, and there is strong probability of the existence of evidence decisive thereof, the case should be remanded for further development." *Shipper* v. *Downey,* 117 W. Va. 64, 183 S. E. 871.

*Reversed and remanded.*