C. E. Hott, *Sheriff, etc. v.* Mabel Simons *et al.*

(No. 8661)

Submitted March 22, 1938.    Decided April 9, 1938.

*Wm. MacDonald,* for appellant.

Riley, Judge:

C. E. Hott, sheriff, committee administrator of Edgar Wilson, deceased, filed in the Circuit Court of Hardy County his bill of complaint against Minnie B. Halterman and others for the purpose of settling the decedent's estate.

The sole question before the court is that relating to a vendor's lien debt claimed by the defendant, Minnie B. Halterman, which claim is set forth by the following excerpt of the bill of complaint:

"That by deed of November 16, 1931, Minnie B. Halterman, claiming to be a widow, at-

tempted to convey to Edgar Wilson a tract of land, supposing to contain one hundred and two (102) acres, more or less, which deed is of record in Deed Book 69, page 373, as will more fully and at large appear from a certified copy hereby filed, marked Plaintiff's exhibit 'O', taken and read as a part hereof, from which it will appear that the consideration was One Thousand ($1,000.00) Dollars, of which Three Hundred ($300.00) Dollars was acknowledged to be paid and the remainder of Seven Hundred ($700.00) Dollars secured by a vendor's lien contained in said deed and Plaintiff avers that the said Minnie *V.* Halterman instituted a Chancery suit in Hardy County Circuit Court for the enforcement of said vendor's lien, which suit was resisted by the said Edgar Wilson in his life-time and which has not been satisfied, and in which suit the said Edgar Wilson claimed that Minnie *V.* Halterman did not have title to the land she attempted to convey to him, and the Plaintiff avers that the estate of Edgar Wilson, deceased, is not indebted to the said Minnie *V.* Halterman in any amount whatever by reason of the said vendor's lien notes or in any other manner, but on the contrary the said Minnie *V.* Halterman is indebted to the estate of Edgar Wilson, deceased, for the Three Hundred ($300.00) Dollars cash that was paid to her and for improvements that were made by Edgar Wilson upon the land attempted to be conveyed in said deed."

The only reference to this allegation of the bill of complaint contained in the prayer reads: " * * * that the Court also pass upon the deed from Minnie B. Halterman to Edgar Wilson, and the rights, if any, conveyed thereby be adjudicated." There is also a prayer for general relief. Said defendant filed a demurrer to the bill of complaint, which was sustained by the court, and the bill dismissed as to her. Notwithstanding such dismissal, the commissioner reported that the decedent, at the time of his death, was seized and possessed of the tract of land alleged in the bill of complaint to have been con-

veyed to him by the demurrant, Minnie B. Halterman. The plaintiff objected and excepted to the commissioner's finding in favor of the Halterman claim.

The decree complained of provides that the 102-acre tract described in the bill of complaint belonged to the estate of the decedent, and that the claimed debt of Minnie B. Halterman in the sum of $920.50, with interest, as reported by the commissioner, is secured by a first lien against decedent's said property. This was done notwithstanding the claimant was dismissed as a party to the bill of complaint, and the record discloses no competent evidence to support the claim of the said Minnie B. Halterman.

No authority need be cited to support appellant's position. The proceedings were decidedly irregular. Such irregularity has no place in our equity practice and procedure. At best, the case should be remanded for further development, with leave to the plaintiff to amend his bill of complaint, if so advised, and with opportunity to the claimant, by proper proof, to establish her claim. Where a suit in equity has not been fully developed on vital issues, and there is reason to believe that upon remand, there is evidence available to develop the issues, our prevailing practice permits such remand for that purpose. *Shipper* v. *Downey,* 117 W. Va. 65, 183 S. E. 871; *Shaw* v. *Berry,* 118 W. Va. 122, 189 S. E. 302.

For the foregoing reasons, the decree is reversed and this cause remanded for further development.

*Reversed and remanded.*