COMMODORE B. NUTTER *v.* JAMES HOLLICE KERBY

(No. 8743)

Submitted September 28, 1938. Decided November 1, 1938.

*Mathews & Reed* and *S. A. Powell,* for appellant.
*S. P. Bell,* for appellee.

HATCHER, JUDGE:

This is a suit to establish an easement. Plaintiff's bill alleges that in Lee District of Calhoun County, he owns and resides upon a tract of 64 acres, off the main highway; that defendant owns an adjoining tract of 29 acres on the highway; that for ingress and egress between plaintiff's tract and the highway, persons "are required to pass over the land of defendant"; that leading from plaintiff's land over defendant's to the highway "is a well defined (private) roadway", which for fifty years has been used by persons and vehicles as a pass-way between plaintiff's land and the highway; that "free use of said roadway for the passage of cars, trucks and other wheeled vehicles by plaintiff and at plaintiff's direction is necessary to his continued residence on said land"; and that defendant has attempted to interfere with that use by signing and keeping posted on the roadway since November 18, 1936, the following notice: "I hereby notify all parties not to trespass through my premises with cars and trucks." Defendant demurred and answered. His answer admits the existence of "a defined roadway" over his land, and alleges that he and his predecessors in title have "at rare and infrequent" intervals permitted persons to use it; but denies that the use has been prescriptive, or that "free use" of the roadway is necessary or requisite to plaintiff's continued residence on his land, or that "by the posting of said notice persons who wish to reach plaintiff's home by said roadway are unable to do the same so that said plaintiff is unable to receive delivery of such things as cattle, feed, and the necessities of life for his family and his home ordered to be delivered at plaintiff's direction." Proof was taken by plaintiff; none by defendant. The circuit court, without passing on the demurrer, dismissed plaintiff's bill.

The proof shows that for a period of at least thirty-

seven years, a narrow dirt road across defendant's land has been used by the owners of the 64-acre tract without let or hindrance, and has been used likewise by third persons, except in a few instances between 1920 and November 18, 1936 (when the notice was posted) where permission was granted or denied by defendant. But the extent of the user is not shown. The testimony of plaintiff himself, who has lived on the 64-acre tract continuously since 1918 (except during part of one winter), was simply that "at various times" during his entire occupancy of the tract, he had used the way over defendant's land vehicularly, and personally had never asked defendant's permission nor been denied it. Plaintiff testified further that to reach his home by car or truck from the highway, it was "necessary * * * to use this roadway"; that he had no car or truck himself, but sometimes hired hauling done by such vehicles; and that while he did not interpret the posted notice to apply to himself personally, he took it to apply to the cars or trucks in his hire, though he narrated no such application by defendant since the notice was posted.

The precise location of an easement sought to be established should be described either by metes and bounds, or in some other definite way. *Fox v. Pierce,* 50 Mich. 500, 15 N. W. 880; 19 C. J., Easements, sec. 267. If a right of way is claimed by prescription, the claimant should allege and prove that over the prescriptive period, without interruption, he (or a predecessor in title) used the way with such open frequency as to notify its owner of the purpose to subject his land to the use. *Hall* v. *Backus,* 92 W. Va. 155, 114 S. E. 449; 19 C. J., *supra,* sec. 37. If a right of way is claimed by necessity, the claimant should allege and prove that his land has no practicable access to a public road except over land which at one time was parcel of a tract that included his land. *Wooldridge* v. *Coughlin,* 46 W. Va. 345, 33 S. E. 233; 19 C. J., *supra,* sec. 266. (The plaintiff did allege and testify that the way in question was *necessary* to continued residence on his land. But why necessary was not shown,

so his allegation and testimony express merely his opinion.) Plaintiff's brief does not contend that he has met any of the above requirements, but takes the position that the testimony shows a strong probability of sufficient evidence existing to establish definitely his case, and that in order for substantial justice to be done, the cause should be remanded for further development. Defendant's brief, after controverting the reflection of such probability by the evidence, takes this position: "It is an unheard-of proceeding for a litigant to come before the court admitting that he was properly beaten in the court below, and to ask this court to reverse a proper decree in order that he might try his hand again."

The practice in this state of remanding a cause in chancery because of insufficient development seems to have been initiated in *Wildell Lumber Co.* v. *Turk,* 75 W. Va. 26, 83 S. E. 83. That decision cites two common law actions, which in turn were related to the old Virginia case of *Taliaferro* v. *Gatewood* (1819), 6 Munf. 320, holding: "If by mistake or otherwise, a material fact on which the point in issue depends, and which the court judicially knows to exist, be omitted in such demurrer (to the evidence) it ought to be set aside as too uncertain for a judgment to be given thereon." The chancery rule does not require absolute judicial knowledge that evidence exists of an unproven material fact, but does require that the record disclose *strong probability* of such existing evidence. *Wildell Lumber Co.* v. *Turk; supra: Ellis* v. *Hager,* 87 W. Va. 313, 104 S. E. 607; *Coal Co.* v. *Coal Co.,* 100 W. Va. 707, 131 S. E. 545; *Tressler Co.* v. *Klefeld,* 119 W. Va. 567, 195 S. E. 202. The statements of the rule in *Shipper* v. *Downey,* 117 W. Va. 64, 183 S. E. 871, and *Shaw* v. *Berry,* 118 W. Va. 122, 189 S. E. 302, while not specifying that the strong probability, etc. *should arise from the record,* unquestionably imply so. We are unable to find evidence of this probability in the record, and plaintiff's brief points to none. However, since the answer, in effect, avows that the posted notice was not designed to interfere with the necessary use of the

roadway by plaintiff or those acting for him, and since no evidence was adduced of such interference or intended interference after the notice was posted, it is apparent that this suit was brought prematurely. Therefore, we are of opinion that while the bill was properly dismissed, the dismissal should have been without prejudice. The decree will be modified accordingly, and as modified, affirmed.

*Modified and affirmed.*