SALLIE HARPER HEDRICK, *Admx.*

*v.*

ISAAC GLENN HARPER, *et al.*

(No. 10231)

Submitted October 4, 1950. Decided November 21, 1950.

48

*William T. George, Jr.,* for appellant.

*Stanley E. Dadisman, William McCoy, Charles C. Wise, Jr.,* for appellees.

LOVINS, PRESIDENT:

This suit was instituted in the Circuit Court of Pendleton County by Sallie Harper Hedrick, administratrix of the estate of Isaac H. Harper, a resident of Pendleton County, who died August 11, 1945, against his only heirs at law, Sallie Harper Hedrick, a daughter, hereinafter designated as "appellant" or "daughter", and Isaac Glenn Harper, an infant grandson, and Florence Simmons Harper, the mother and guardian of Isaac Glenn Harper and the widow of Kenny C. Harper, an only son, who had predeceased his father, hereinafter designated as "appellees."

Plaintiff prayed that appellant and appellees be required to disclose all advancements received by them, or those through whom they claim, from the decedent during his lifetime; that the case be referred to a commissioner in chancery to ascertain the amount of such advancements; that the property owned by decedent at the time of his death be determined; that the accounts of the administratrix be finally settled; and that a proper distribution of the assets be decreed.

The administratrix contends that certain items included in the appraisement of the estate under the heading of "gifts or conveyances made prior to death" were advancements made by decedent to his children during his lifetime, and, therefore, it is necessary to bring them into hotchpot before a lawful distribution of the assets can be made. These items were: (1) Gifts of $1,057.58 made by decedent to Sallie Harper Hedrick on or about November 27, 1942, and $6,000.00 to her on or about August 1, 1945; (2) conveyances to Kenny C. Harper of an undivided one-half interest in 335.94 acres, situated in Highland County, Virginia, by deed dated March 29, 1937, and an undivided one-third interest in a tract of 50 acres, situated in Highland County, Virginia, by deed dated October 20, 1941,

the aggregate market value of these interests being $18,-000.00; and (3) a conveyance made to Kenny C. Harper of 550 acres, situated in the States of Virginia and West Virginia, by deed dated January 20, 1934. It is stipulated that the value of this property is $3,250.00.

The court referred this suit to a special commissioner to take evidence and report as to the description and value of all real estate and personal property owned by decedent at the time of his death; the amount of the real estate and personal property given by decedent to his son, or the heirs of his son, as advancements; the amount of real estate and personal property given and conveyed by decedent to appellant; the amount of all debts owed by decedent; and to make final settlement of the accounts of the administratrix.

Testimony was taken before the special commissioner, who reported the same and requested rulings on the following: (a) Whether appellant is entitled to all the estate of Isaac H. Harper; (b) whether it is shown by the evidence that the heirs of Isaac H. Harper should bring into hotchpot "all the property and money received by them"; (c) whether the gifts of money received by appellant, amounting to $7,057.58, should be brought into hotchpot by her, or did the services rendered by her to her father amount to a sufficient sum to offset such gifts; and (d) the extent, if any, the estate of Kenny C. Harper should bring alleged advancements into hotchpot.

Upon submission of the cause and the filing of the trial court's opinion, appellant moved that the court remand the cause to the special commissioner for further development, for reasons "set out in the written opinion of the court", not specifying the exact grounds, which motion was overruled. The trial court also entered a final decree, disallowing the claim of appellant to all of the property of Isaac H. Harper; adjudging that the estate of Kenny C. Harper is not chargeable with any advancements from his father; that the gifts to appellant of $1,057.58 and $6,000.00 were advancements and must be brought into

hotchpot; and that appellant is entitled to recover from the estate the sum of $1,000.00 for services rendered to the decedent during the two years preceding his death. The court's opinion, made a part of the record, applied a five-year statute of limitations to the claims for services, and reasoned that there could be an allowance for services only from June 7, 1943, until the date of death, covering approximately a two-year period.

Complaining of the two decrees, appellant admits that she received the two gifts listed in the appraisement, and states that she is willing to bring the money into hotchpot, if it is necessary for a proper distribution of the estate. She contends that she is entitled to all of the estate of Isaac H. Harper to the exclusion of the infant appellee, basing this claim on an oral contract whereby her father in return for services rendered him over a period of years, until the date of his death, promised that he would leave all of his property at his death to her.

Appellant was married in 1934 to Roy Hederick. She states that she and her husband intended to establish a home separate from that of her parents, with whom she had been living prior to her marriage, but that as a result of the importunities of decedent and his assurance, as stated above, the newly married couple made their home with decedent from the date of their marriage until his death, with the exception of the first year of their marriage; and that they have devoted all of their time and efforts to the personal and business affairs of decedent, managing his household and farm. She admits that she left her father's home on at least three occasions, with the intention of making her home elsewhere, but each time she returned.

She also states that during this period decedent told her that he had already "taken care" of Kenny C. Harper by conveyances of real estate and other advancements, and had indicated that those advancements were to be considered as full satisfaction of the share of Kenny C. Harper in his estate.

She further contends that if she is prevented from specifically enforcing the alleged contract, she should, nevertheless, be entitled to compensation for the services rendered decedent over the years. She asserts that such services were of a peculiar character, so that it is impossible to establish their value by any pecuniary standard, but that their value equalled or exceeded the aggregate amount of the advancements made to her, as shown in the appraisement.

Several witnesses testified that decedent had told them that he intended to leave appellant everything he had, and that her brother had already been given everything that his father intended him to have. The decedent's pastor testified that on two occasions decedent told him, in substance, that he intended to make a will but that he thought that this was hardly necessary since he had given the "boy" (Kenny) his share of the estate and the remainder would go to appellant. Appellant's aunt testified that appellant was at her home in the summer of 1943, and that decedent told his daughter, in the witness' presence, that if she would come back home he would give her everything he had. A similar conversation occurred at the home of a cousin, where appellant was visiting in the fall of 1943, when decedent said, in the presence of the witness and two other persons, that if his daughter returned to his home, he would leave her everything he possessed, and that Kenny had been given all that he intended him to have. A neighbor, who knew the family well, said that about a year prior to decedent's death, he told him that he was going to give Kenny's boy the Virginia farm, Kenny being then deceased, and the remainder of his property would go to appellant. Appellant's sister-in-law related that in a conversation in 1942, decedent had told her that he had bought the Highland County, Virginia, farm for his son, and that he intended his daughter to have the homeplace, and that at Christmas before his death decedent had told her that he wanted his daughter to have not only the homeplace but also the balance of his estate. Adam Harper, decedent's brother,

who lived at the homeplace, testified that about three days before his death, his brother told him that he "thought Isaac Glenn Harper had his share of the Estate."

There was no evidence offered to refute the testimony of several of the witnesses that appellant had managed decedent's household and farm. Two of the female witnesses who were familiar with the rates of pay for the type of work she had done, estimated that four or five hundred dollars a year and board would be reasonable compensation.

The adult appellee, in her own right, and as guardian of Isaac Glenn Harper, denies the accuracy of the appraisement in listing the conveyances to Kenny C. Harper of his interest in the tracts of 335.94 acres and 50 acres as advancements made to Kenny C. Harper by the decedent, and asserts that this interest was acquired by a conveyance from persons other than decedent. She asserts that while Isaac H. Harper may have assisted his son, Kenny C. Harper, in financing the purchase of these properties, such assistance was not rendered with the intent of treating it as advancements to him by his father. The adult appellee also alleges that the 550 acre tract, situate in Virginia and West Virginia, which is also listed as an advancement in the appraisement, could not be characterized as such, since it was purchased from Isaac H. Harper and others for a valuable consideration, and that after acquiring this tract, her husband made valuable improvements upon it. She denies the existence of the contract alleged by appellant to the effect that the daughter was to have all of decedent's property at his death, and asserts that each of decedent's heirs at law is entitled to receive a one-half interest in all of the estate, without including the real property interests of Kenny C. Harper, which are presently listed as advancements in the appraisement. She likewise denies the right of appellant to compensation for services rendered to Isaac H. Harper.

The theory that the conveyances of the interest to Kenny C. Harper in the 335.94 acres and 50 acres, situated

in Virginia, constituted advancements to him rests upon the connection of Isaac H. Harper with the purchase of the property by his son. The son's interest in those two tracts originated in a deed, dated March 29, 1937, from Pauline Sponaugle and others, conveying to Kenny C. Harper a one-half undivided interest in 335.94 acres, and a one-sixth undivided interest in 155 acres. The remaining portion of the 335.94-acre tract was jointly owned by Isaac H. Harper and Adam Harper, who also owned an undivided interest in the 155-acre tract. The consideration for the conveyance called for a cash payment of $7,815.07. Kenny C. Harper gave a bond for $3,600.00, with Isaac H. Harper as surety, and assumed a $6,284.93 balance due on a Federal Land Bank loan previously placed upon the property. Cancelled checks signed by Harper Brothers were introduced to show that Harper Brothers had made such payments on the conveyance to Kenny C. Harper, and upon introduction of a cancelled check for $3,295.00, signed by Harper Brothers, and marked "for loan", it was stipulated that this check was in payment of the balance of the loan assumed by the deceased son. Other checks were introduced to show payments by Harper Brothers on the Kenny C. Harper bond. Cancelled checks also were exhibited to show that cash had been given to Florence Harper, some made payable to her personally, and some to her as administratrix for various purposes marked thereon. A bank passbook in account with Harper Brothers was introduced to show that various checks were given to Kenny C. Harper from the years 1924 to 1931, in the aggregate amount of $830.66.

To rebut the inference that Isaac Harper had advanced money to his son and to his son's estate for the purpose of paying for the aforementioned conveyance, the adult appellee presented several statements from the Federal Land Bank, showing installments due on the Kenny C. Harper loan, and that credit had been given for payments which she testified were made out of funds of the Kenny C. Harper estate, of which she was administratrix. She was unable to produce cancelled checks to show these

payments, though she said that payments were made by checks. She admitted that Harper Brothers had paid $3,295.00 to the Federal Land Bank on the loan, but she testified that they were reimbursed for such payment.

The 155-acre tract, in which the son of decedent acquired a one-sixth undivided interest by the deed of March 29, 1937, was later partitioned among all the owners, and by deed of October 20, 1941, Isaac Glenn Harper, Kenny C. Harper's sole heir at law, acquired an undivided one-third interest in the 50 acres listed in the appraisement as an advancement. This interest is subject to the dower of the adult appellee.

Kenny C. Harper acquired the property listed in the appraisement as a 550-acre tract, situated in Virginia and West Virginia, from Adam Harper, Isaac Harper, and Eliza Harper, his wife, by deed dated January 20, 1934. The acreage therein conveyed was described as 518.39 acres, more or less. The recited consideration was ten dollars cash and other valuable consideration. There is no indication in the record that this conveyance was a gift.

In appealing from the two decrees, appellant assigns as error the overruling of her motion to remand the case for further development; and the action of the trial court: (a) in decreeing that she is not entitled to all of decedent's estate; (b) in requiring her to bring the advancements, aggregating $7,057.58, into hotchpot before she could participate in the estate; (c) in applying the statute of limitations to her claim for services; and (d) in determining that the conveyances to Kenny C. Harper were not advancements.

Did the trial court err in overruling the motion to remand the cause to the special commissioner? We think that a motion to remand a cause to a commissioner in chancery is somewhat analogous to a similar motion made in this Court to remand a cause to a trial court. We therefore apply the same principle here. "A cause not suffi-

ciently developed in proof, will not be remanded by this Court for further development, unless the record discloses strong probability of evidence available therefor." *Nutter* v. *Kerby,* 120 W. Va. 532, 199 S. E. 455. But the lack of development of an issue vital to a proper decision must be disclosed by the record. *Nutter* v. *Kerby, supra; Mining Co.* v. *Klefeld,* 119 W. Va. 567, 195 S. E. 202. See *Shaw* v. *Berry,* 118 W. Va. 122, 189 S. E. 302; *Shipper* v. *Downey,* 117 W. Va. 64, 183 S. E. 871; *Atwater & Co.* v. *Colliers Co.,* 115 W. Va. 745, 178 S. E. 73; *Lumber Co.* v. *Turk,* 75 W. Va. 26, 83 S. E. 83.

We find nothing in the record indicating any "strong probability" that there is additional evidence which would throw any light upon the issues presented by this record. It is true the opinion of the trial court, made a part of the record, comments upon the failure of Adam Harper to testify at length, but he was on the witness stand and had an opportunity to do so. We are of opinion that it was not error to overrule the motion of appellant to remand this cause to the commissioner for further development.

Appellant contends that it was error on the part of the trial court to charge her with an advancement of $7,057.58, and fail to charge advancements in the sum of $23,000.00 (shown by proof and stipulation to be $21,250.00) against the estate of Kenny C. Harper, deceased. A partial answer to that contention will be found in her answer to the bill of complaint herein, wherein appellant admits that the appraisement of the estate of Isaac H. Harper shows two gifts from Isaac H. Harper to her in the amounts of $6,000.00 and $1,057.58, respectively. But the advancements alleged to have been made to Kenny C. Harper are denied by the answer of Florence Simmons Harper. As to the estate of Kenny C. Harper it was necessary to adduce proof to establish that advancements had been made to him or to his estate.

"An advancement is an irrevocable gift made by a parent or ancestor, during the lifetime of either, to one standing in the place of a prospective heir or distributee, with

the intention on the part of the donor that such gift shall represent a part or the whole of the share of his estate to which the donee would become entitled upon the death of the donor intestate." *Gaylord* v. *Gas Co.*, 122 W. Va. 205, 8 S. E. 2d 189. Whether such gift shall be treated as an advancement depends upon the intention of the donor. *Gaylord* v. *Gas Co., supra.* When a gift has been made by a parent to an heir or distributee, the presumption is that it was an advancement, but, such presumption may be rebutted. *Gaylord* v. *Gas Co., supra; Neil* v. *Lumber Co.*, 82 W. Va. 24, 95 S. E. 523. See *In re Groves,* 120 W. Va. 373, 198 S. E. 142. As to the applicable general rule see Am. Jur., Advancements, Section 61, *et seq.*

The admission of the appellant brings the gifts made by Isaac H. Harper to her within the rules governing advancements, and she must bring such advancements into the hotchpot, as required by Code, 42-4-1, before she is entitled to inherit the lands of her father and participate in the distribution of his personal estate. But we can find no evidence of a substantial nature indicating a gift from Isaac H. Harper to Kenny C. Harper or his estate. Though, as disclosed by this record, they had dealings and transactions with each other, the evidence is not sufficient to establish that any of such transactions were advancements. Therefore, the rule relating to advancements, made applicable to appellant by her own admission of fact, does not apply to the estate of Kenny C. Harper. The trial court commented in its adjudication of this matter, as shown by the final decree, on that phase of this suit.

It is true there is some proof indicating that Isaac H. Harper had given Kenny C. Harper some parts of his property, but when were such gifts made? What were the amounts? The foregoing questions are not answered.

The other contentions of appellant are somewhat inconsistent, but treating them in the alternative, she asserts that her father agreed to give his entire remaining estate to her, if she would stay with him at home, and, failing in this contention, the appellant relies on the al-

leged contract or agreement between her and her deceased father that he would pay for services rendered to him.

We will discuss these contentions in the order stated. A decree requiring specific performance of a verbal agreement to convey real estate and deliver personal property for the rendition of specific services by the appellant, must be supported by evidence showing that the services rendered by appellant were of a character that would make it "impossible to estimate their value by any pecuniary standard." *Callaham* v. *Bank,* 126 W. Va. 907, 30 S. E. 2d 735. See *Blagg* v. *Van Sickle,* 90 W. Va. 351, 110 S. E. 816; *Jefferson* v. *Simpson,* 83 W. Va. 274, 98 S. E. 212; *Bryson* v. *McShane,* 48 W. Va. 126, 35 S. E. 848. That rule is of peculiar application when services are claimed to have been rendered in the case of aged persons. *Hurley* v. *Beattie,* 98 W. Va. 125, 126 S. E. 562.

A promise to make a will must be certain and definite and for a valuable consideration. *Davidson* v. *Davidson,* 72 W. Va. 747, 79 S. E. 998.

Several witnesses were introduced to show that Isaac H. Harper made general statements of his intention to give appellant his estate, and also stated in conversations that his son, Kenny C. Harper, had received his share of the estate; and that he intended appellant to have the residue thereof. Those declarations are indefinite and uncertain. Moreover, the showing as to consideration for such promise is not clear. Isaac H. Harper may have had an intention to give appellant all, or the major portion, of the estate of which he died seised and possessed, but he did not carry it into effect. The evidence in this record is wholly insufficient to show that he carried out that intention.

The same criticism applies to appellant's contention relative to the alleged agreement of her father to pay her for the services rendered him over a period of twenty-eight years. Similar agreements are frequently brought

to the attention of this Court, and they are scrutinized with suspicion, since often one party to the agreement so asserted is deceased. Services rendered by one person to another " ' * * * where the relationship of parent and child, or any relationship of consanguinity and circumstances akin thereto, is shown to exist, the presumption is that the services related to the care and maintenance of either party by the other are presumed to be rendered gratuitously, and that in order to recover therefor the claimant must go beyond showing the rendition of the service, its value, and the fact that no remuneration has been received. In order to overcome the presumption that pay was not intended, it must be shown that at the start the recipient expected to pay and the performer expected remuneration. This may be shown by either an express understanding or by clear proof of circumstances from which it is necessarily implied.' " *Estate of Elizabeth E. Fox,* 131 W. Va. 429, 48 S. E. 2d 1; *Ireland* v. *Hibbs,* 125 W. Va. 31, 22 S. E. 2d 706. See *In re Estate of John C. Gilbert,* 115 W. Va. 599, 177 S. E. 529; *Browning* v. *Browning,* 108 W. Va. 81, 150 S. E. 233; *Keys, Admr.* v. *Keys, et al.,* 93 W. Va. 33, 116 S. E. 681; *Thompson* v. *Halstead, et al.,* 44 W. Va. 390, 29 S. E. 991; *Broderick* v. *Broderick,* 28 W. Va. 378; and *Stansbury* v. *Stansbury,* 20 W. Va. 23.

A similar principle applies between a father-in-law and a son-in-law. *Thompson* v. *Halstead, supra; Estate of Elizabeth E. Fox, supra.* See annotation 7 A. L. R. 2d, page 8. The rule is stated somewhat differently in *Gardner* v. *Gardner,* 112 W. Va. 583, 166 S. E. 122, wherein this Court stated that in order to rebut the presumption "the evidence and circumstances must clearly and indubitably imply a contract for payment at the time the services are performed."

The appellant contents herself with showing that she rendered services to her father prior to and after the death of her mother; and that such services were worth at least the sum of five hundred dollars a year. A contract between her and her father is not clearly and definitely es-

60

tablished by the conversations which various persons had with Isaac H. Harper. The proof herein is not sufficient to support appellant's claim for services rendered by her to her father.

The trial court allowed a recovery of one thousand dollars for the last two years of services allegedly rendered by appellant. Applying the rules laid down in the decisions which we have above adverted to, we have grave doubt that appellant should recover anything on her claim for services; but since the appellees make no cross assignment of error herein and request in their brief that the decree of the Circuit Court of Pendleton County be affirmed, we will not disturb the decree rendered.

What has been said in this opinion with reference to property situate in the State of Virginia, is not to be construed as an expression of opinion relative to the title to such property, or the administration of the estate of Kenny C. Harper in that state.

Accordingly, the decree of the Circuit Court of Pendleton County is affirmed.

*Affirmed.*