# CHARLESTON.

ALBERT BROWNING *et als.* v. U. G. BROWNING, *Adm'r., etc.*

(No. 6330)

Submitted October 23, 1929.  Decided October 29, 1929.

*Clay N. Pew* and *W. Bruce Talbott,* for appellants.
*Wm. T. George,* for appellee.

LIVELY, JUDGE:

This is a suit to surcharge and falsify the accounts of U. G. Browning, administrator of J. H. Browning, deceased. The report of the commissioner in chancery, to whom the cause was referred, was confirmed in part and rejected in part. This appeal followed.

Three assignments of error are relied upon by plaintiffs below. The first relates to the failure of the trial chancellor to require the defendant to account for the proceeds of certain purchase money notes, amounting to $600.00, executed by one Rinehart to the defendant, U. G. Browning, representing the balance of purchase money due on a house and lot conveyed to Rinehart by J. H. Browning during the lifetime of the latter. The commissioner in chancery reported that the defendant should be held accountable for these notes, basing his recommendation upon the facts and circumstances surrounding their execution. The trial chancellor sustained the exception of the defendant on this phase of the case and found that the evidence justified a conclusion that the notes were, at the direction of the deceased, made payable to the defendant in consideration of past and future services.

It appears from the evidence that the deceased and his wife, father and mother of the plaintiffs and defendants herein, two years before the death of the deceased, took up their residence with the defendant; that both the father and mother were very aged and infirm; that the mother lived eleven months after her removal to the defendant's home, during the latter part of which period, on account of illness and advanced age, it became necessary to treat her almost like a child; that the father, U. G. Browning, lived about a year after his wife's death, during which time he was incapacitated by reason of an attack of paralysis suffered two or more years before his death, and required constant care and attention.

It further appears that the deed from J. H. Browning to Oris Rinehart, executed in the latter part of August, 1923, nine days before Browning's death, recited a consideration of

$700.00. According to Rinehart this sum represented $50.00 in cash, a cow valued at $50.00, and purchase money notes for $600.00. The cash payment was made to J. H. Browning. Elsworth Wilson, a notary public, testified that after he had prepared the deed and notes under the instruction of the deceased, he went to the home of the defendant and read the deed to J. H. Browning. The witness testified that ''he (the deceased) told me he wanted the notes made payable to U. G. Browning, that he was living with him and was paying him for taking care of him and that he intended him to have all he had, and that he wanted the notes made payable to U. G. Browning.'' J. H. Browning had been designated as payee in the original notes. According to this witness, the deceased further stated that, ''he was giving it to him (defendant) because he had taken care of him and his wife. He said that none of the rest of them had kept them and he expected to stay with him as long as he lived and he expected to give it to him during his life so that there would be no trouble over it after his death.'' The deceased executed the deed after it was read to him by Wilson, and instructed the latter to deliver it to Rinehart upon his execution of notes for the deferred purchase money payable to U. G. Browning, instead of to the deceased. Mr. Wilson complied with this direction and turned the notes over to the defendant after they were signed by the maker. There is no evidence that at this time the deceased was mentally incompetent.

We are of the opinion that under the evidence as detailed, the defendant should not be required to account for the $600.00 deferred purchase money. It is true, of course, that services rendered by one standing in close relationship to the person to whom they are furnished, are generally presumed to be gratuitous; and that to rebut this presumption the services must be shown to have been of such a nature and rendered under such circumstances as would evince an intention of payment at the time furnished, in order to constitute a consideration for a note subsequently executed. *Ogden* v. *Bank*, 103 W. Va. 663; *Keys, Adm'r.* v. *Keys et al.*, 93 W. Va. 33. In the instant case the notes of a third person were, under express direction of the deceased, executed in favor of

the defendant and delivered to him during the lifetime of the deceased. The notes thus made and delivered to defendant were in consideration of services rendered and to be rendered. The character of the services and the circumstances under which they were rendered impel the conclusion that an implied contract existed to pay for these services, and fully rebut the presumption that the services were gratuitous. *Ogden* v. *Bank, supra; Archer* v. *Stewart,* 105 W. Va. 263. Of course, defendant was incompetent to testify to the existence of a contract, and he did not attempt to do so. This payment by the deceased was so much in the nature of a testamentary disposition of property that the courts will not inquire into any disparity between the actual value of the services rendered and the amount given in satisfaction thereof. *Bade* v. *Feay,* 63 W. Va. 166.

The second assignment of error relates to the finding of the commissioner, sustained by the court, that the defendant should not be required to account for the sum of $659.63 deposited in the Citizens National Bank of Belington in an account designated as U. G. Browning, special, which fund was claimed to have arisen out of pension checks received by J. H. Browning, deceased, during his lifetime. The special commissioner found there was no direct proof that any part of this fund should be included in the estate of J. H. Browning, and if there was any money in this account which had originally belonged to J. H. Browning, the latter had, in his lifetime, paid the same to the defendant as compensation for services rendered and to be rendered by U. G. Browning. The commissioner stressed the fact that a number of disinterested witnesses testified that J. H. Browning made statements to them to the effect that he was paying the defendant to take care of the former's wife and himself, "as he went along". The only specific item which it is claimed can be identified in this fund was a deposit of $216.00 made on June 8, 1926, which sum, the plaintiffs contend, corresponds with three checks of $72.00 each, being a quarterly payment of pension money received by the deceased. The defendant testified that it is probable that some of the money in this account came from J. H. Browning; that as the latter received his pension

checks he would give a portion thereof to the defendant, and that he (the defendant) may have deposited some of this money in this account. He stated he had established this fund as a sort of savings account, and that he did not draw against it. The equities in this case are all in favor of the defendant, and in view of the principle of law that the finding of the commissioner in this regard, approved by the trial court, is entitled to great weight (*Baker* v. *Jackson*, 65 W. Va. 282,) we are not disposed to reverse the decree upon this assignment of error.

The third and last assignment of error is that the trial chancellor erred in sustaining the recommendation of the special commissioner that the defendant should not be required to account for certain items of household goods and furniture belonging to the estate of J. H. Browning. The commissioner reported that practically all of the personal property of J. H. Browning, deceased, excluding several articles having little or no commercial value, was appraised and sold by the administrator. The trial court in its written opinion did not pass upon this exception, and there is nothing in the record to indicate that any exception was taken to the report in this regard. Therefore, we shall not pass upon this assignment of error.

The decree of the trial court will be affirmed.

*Affirmed.*