DOLLIE TONEY PETERS *v.* D. K. ALTIZER, *Executor, etc.*

(No. 9587)

Submitted September 19, 1944. Decided October 3, 1944.

*M. O. Litz,* for plaintiff in error.
*Scott & Ducker,* for defendant in error.

RILEY, JUDGE:

Dollie Toney Peters by notice of motion for judgment against D. K. Altizer, executor of the last will and testament of Arena Ferrell, deceased, sought recovery upon a negotiable promissory note, dated May 28, 1932, in the principal sum of five thousand dollars, executed by the decedent and payable to the order of plaintiff twelve months after date. The Circuit Court of Cabell County having directed a verdict in defendant's favor at the conclusion of plaintiff's testimony, plaintiff prosecutes this writ of error to the judgment entered upon said verdict.

Plaintiff, fifty-six years of age, has resided, since 1920, at 2922 Third Avenue, Huntington, West Virginia, and is a niece of the decedent, Arena Ferrell, who, according to plaintiff's testimony lived at 1706 (or 706) Seventh Avenue in Huntington, almost continuously from 1910 until the date of her death in March, 1938. Plaintiff testified that over a period of approximately twenty years she rendered personal service to the decedent in that she canned foodstuffs and sewed for her, performed laundry services both in the home of plaintiff and decedent, and rendered domestic services in decedent's home. There is further testimony that plaintiff washed and ironed the clothes of defendant Altizer. According to Hazel Sanders, a niece of plaintiff, the latter "did some laundry for her [decedent], and she did some canning and some baking at different times." A neighbor of plaintiff testified that decedent would bring her laundry to Mrs. Peters who also "did most of her sewing for her for years, and when she was sick she would go down to see her. I went two or

three times with Mrs. Peters when Mrs. Ferrell was sick, to see her."

Mrs. Dorthall Pardue, Mrs. Peters' second cousin, testified that when she was eleven or twelve years of age, and while she resided at the Peters home, Mrs. Ferrell asked Mrs. Peters if she still had the note she had given her, and requested that she see it. The witness testified that Mrs. Ferrell, when handed the note, stated, "This is the one I gave you, and I want you to keep it, and collect it after my death"; and that she further stated, "Don't try to collect it as long as I live, because if you do me and Mr. Altizer will have trouble over it." Mrs. Sanders quoted the decedent as saying that "she wanted Mrs. Peters to have part of her estate"·and that she had "made provisions for her to pay for her home; she wouldn't lose it while she lived"; and that "she was giving her a paper to make it safe after she passed on." A nephew of plaintiff testified that Mrs. Ferrell had told him that "she had given her [Mrs. Peters] a note", which the witness testifies he saw. Another witness, Laura Smith, testified that Mrs. Ferrell had told her that "she intended to see that she [Mrs. Peters] was well provided for. At the present time she didn't have the means, but she intended to see that she was well provided for." This witness testified further that several weeks later, Mrs. Ferrell told her she had given Mrs. Peters a note "that would take care of her later on, when she was done with."

About the time of its execution Mrs. Ferrell, then seventy-four years' old, delivered the note to plaintiff, who retained possession thereof until she gave it into the custody of her attorney for use in the preparation of the instant notice. The note recites that it is for value received, but contains no recital that it was for services rendered to decedent.

The record contains no evidence that decedent promised or agreed to compensate plaintiff for the services which plaintiff rendered or that the note was given as a consideration for such services. On the contrary, plaintiff testified on cross-examination that she made no charges for the

services rendered; she admitted her testimony on a previous trial, which resulted in a hung jury, that she was "not contending that the personal service is a consideration for the note"; and that she rendered the services because "I was very fond of her because she spent quite a lot of time with my mother and me during her lifetime, and mother and her were very dear friends." To the court's inquiry, "You are not contending that this $5,000 note was given for washing and other work that was done", plaintiff's counsel responded, "No, your Honor, we are not."

Plaintiff testified that notations of credits in the amount of thirty-five dollars appearing on the back of the note were made by her and represent money which the decedent paid to her. On cross-examination she was asked, "What did you make credit upon this note for if you weren't charging Mrs. Ferrell for anything", and she replied, "I was not charging; she gave me the money and I credited it."

In this jurisdiction a promissory note transferred by a maker to a payee as a gift is not enforceable by the payee against the estate of a maker. *McKinney* v. *Rhinehart,* 102 W. Va. 531, pt. 1 syl., 135 S. E. 654, 49 A. L. R. 680; *Bade, Adm'r.* v. *Feay,* 63 W. Va. 166, 61 S. E. 348. It is equally well-settled that services, usually and commonly rendered by a person standing in close blood relationship to a person to whom the services are rendered, are generally presumed to be gratuitous. *Ogdin, Adm'r.* v. *The First National Bank of St. Marys,* 103 W. Va. 665, pt. 2 syl., 138 S. E. 376; *Browning* v. *Browning,* 108 W. Va. 81, 150 S. E. 233. In the case of such services, the burden rests upon the payee to establish that reasonable services were rendered upon an expressed or implied promise to pay; and in the absence of an express promise, this burden is not discharged, and the presumption that services rendered by a near relative to one in declining years are gratuitous is not rebutted, in order that such services may constitute consideration for a note subsequently executed, where it is not shown that the services were of "such a nature and

rendered under such circumstances as would evince an intention of payment at the time rendered." Pt. 2 syl., *Ogdin, Adm'r.* v. *The First National Bank of St. Marys, supra.* Thus it has been held that a promissory note given by a son to his widowed mother for money paid for his education, after such expenditure without any promise or expectation of repayment on the part of either at the time of such expenditure, lacks legal consideration. *Gooch* v. *Gooch,* 70 W. Va. 38, 73 S. E. 56, 37 L. R. A. (N. S.) 930. The instant record contains no evidence of an express promise to pay for the services both before and at the time rendered, and decedent's statements, contained in the record, of her good intentions toward plaintiff, her appreciation for plaintiff's kindness toward her, and her references to the note made in the presence of third parties, do not establish a consideration for the note in the face of plaintiff's own testimony and her counsel's statement, made during the course of the trial, that plaintiff was not contending that the note was given for the services rendered. In these circumstances there can be no implication that the decedent ever entertained any intention to recompense plaintiff, and it matters not, under the facts of this case, that a part of the services were rendered after the execution and delivery of the note.

This case is to be distinguished from *Browning* v. *Browning, supra,* where a father had directed that notes given as deferred purchase money for real estate which he has sold shall be made directly from the purchaser to the son in payment of past and future services rendered to the father and mother; *Archer, Executor* v. *Stewart,* 105 W. Va. 263, 142 S. E. 68, where a father-in-law before his death had delivered money and bonds to a son-in-law in express payment for services rendered before and after such delivery; *Keys, Adm'r.* v. *Keys,* 93 W. Va. 33, 116 S. E. 681, where a note, evidently given for past and future services contains a recital "for work"; *Bade, Adm'r.* v. *Feay, supra; Smith* v. *Pew,* 116 W. Va. 734, 183 S. E. 53; and *Rauschenbach* v. *Estate of McDaniel,* 122 W. Va. 632, 11 S. E. 2d 852, where notes and a due bill given by a person

to a near relative who had rendered services during the former's declining years were regarded by this Court as in the nature of a testamentary disposition, and claimant did not testify, as in the instant case, that the note was not given as consideration for services rendered and to be rendered.

Because the record does not disclose that the payments in the amount of thirty-five dollars as shown by notations on the back of the note were intended by decedent as payment on the note, the case of *McKinney* v. *Rhinehart, supra,* in which recovery was permitted of credits on a note held invalid, has no application here.

The judgment of the trial court is affirmed.

*Affirmed.*